

_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

**Entered on Docket**
**February 27, 2014**
_____

# United States Bankruptcy Court
## District of Nevada

Bankruptcy Case Number  13–19335–mkn
Chapter 7

In re:
   BRANDON FILLMORE

   KIMBERLY FILLMORE
   aka  KIMBERLY NELSON
                 Debtor(s).

Hearing Date:   02/27/2014
Hearing Time:   8:30 AM

### ORDER ON REAFFIRMATION AGREEMENT

The debtor(s) BRANDON FILLMORE and KIMBERLY FILLMORE have filed a motion for approval of the reaffirmation agreement dated 01/08/2014 made between the debtor(s) and Tidewater Finance Company. The court held the hearing required by 11 U.S.C. Section 524(d) on notice to the debtor(s) and the creditor on 01/09/2014.

COURT ORDER:

☐   The court approves the reaffirmation agreement under 11 U.S.C. Section 524(m).

☐   The court disapproves the reaffirmation agreement under 11 U.S.C. Section 524(m).

☑   The court finds that the reaffirmation agreement is not in the debtor's best interest and is disapproved. However, because the court finds the debtor complied with the requirements of 11 U.S.C. Sections 362(h) and 521, the debtor may retain the collateral so long as the debtor is not otherwise in default.

☐   The court grants the debtor's motion under 11 U.S.C. Section 524(c)(6)(A) and approves the reaffirmation agreement described above as not imposing an undue hardship on the debtor(s) or a dependent of the debtor(s) and as being in the best interest of the debtor(s).

☐ The court grants the debtor's motion under 11 U.S.C. Section 524(k)(8) and approves the reaffirmation agreement described above.

☐ All pre−petition warranties, representations and covenants for the benefit of Debtor, contained in the underlying purchase agreement, financing agreement or any other documents with respect to the collateral, shall remain in full force and effect under the reaffirmation agreement. The pre−petition warranties, representations and covenants shall not be modified, waived, cancelled, or voided in any manner as a result of the Debtor entering into the reaffirmation agreement.

☐ Approval of the reaffirmation agreement is conditioned upon an applicable interest rate of ten percent (10%) or less.

☑ Default by the Debtor under the reaffirmation agreement with respect to a vehicle is only enforceable to the extent that (1) the Debtor fails to make a payment as required by the agreement; or (2) the prospect of payment, performance or realization of collateral is significantly impaired. The burden of establishing the prospect of significant impairment is on the creditor. N.R.S. 97.304

☐ Other:

###